**SO ORDERED.**

**SIGNED this 8 day of March, 2017.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DONALD RAY MAPSON | ) | CASE NO. 15-05487-5-SWH |
| CHARLREAN BATTEN MAPSON, | ) | CHAPTER 13 |
| | ) | |
| DEBTORS. | ) | |

### ORDER GRANTING MOTION FOR, AMONG OTHER THINGS, RELIEF FROM THE AUTOMATIC STAY

THIS CAUSE coming on before the Court upon the Motion For, Among Other Things, Relief From The Automatic Stay (herein the "Motion") filed on behalf of Santander Consumer USA Inc. (herein "Santander"). The Court having reviewed the Motion and the record in this case, makes the following:

### FINDINGS OF FACT

1.  The Debtors commenced this case by petition filed on or about October 8, 2015.

2.  On or about November 11, 2013, the Debtors purchased a 2013 Chrysler 200, VIN #1C3CCBAB1DN561630 (herein the "Vehicle"), pursuant to the terms of an installment sales contract of even date (herein the "Contract"). The Contract was subsequently assigned to Santander and Santander now has the right to enforce the Contract.

3.  Under the terms of the Contract, Santander has a senior security interest and first lien on the Vehicle that it duly perfected.

4. The Chapter 13 Plan calls for the post-petition payments due under the Contract to be made directly to Santander. As of February 3, 2017, the post-petition payments due under the Contract were in arrears for the August 25, 2016 partial payment of $122.40, and the September 25, 2016 through January 25, 2017 payments of $443.16 each, for a total post-petition arrearage of $2,338.20.

5. As of February 3, 2017, the net payoff due under the Contract was $11,914.30. At the same time, the base NADA retail and wholesale values of the Vehicle were approximately $9,800.00 and $7,750.00, respectively. Thus there is no equity in the Vehicle, the value of Santander's claim secured by the Vehicle being in excess of the fair market value thereof.

Based upon the above facts, this Court finds that there is cause under 11 U.S. C. §362(d)(1) to grant the Motion.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. That the automatic stay pursuant to 11 U.S.C. §362(d) should be, and hereby is, lifted and modified to permit Santander to foreclose its security interest in the Vehicle in accordance with its loan documents and applicable law.

2. That the Debtors should be, and hereby are, ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

3. That Santander should be, and hereby is, allowed to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

4. That time is of the essence as to each and all of the provisions of this Order.

5. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

END OF DOCUMENT